Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CTJ INVESTMENTS LP AS TO A 89.19% UNDIVIDED
INTEREST AND JN FINANCIAL SERVICES, LLC AS
TO A 10.81% UNDIVIDED INTEREST,
                                    Plaintiffs,

              VERIFIED COMPLAINT

      -against-

CHARMAINE BROOKS; THE CADLE COMPANY;
CAPITAL ONE BANK; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
                                 Defendant(s).
-----------------------------------------------------------------------X

Plaintiffs, CTJ Investments LP as to a 89.19% Undivided Interest and JN Financial Services, LLC as to a 10.81% Undivided Interest ("Plaintiffs"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Charmaine Brooks, The Cadle Company, Capital One Bank and New York City Environmental Control Board (the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 167-11 145th Avenue, Jamaica, NY 11434 known on the Queens County Tax Map as Block: 13284 Lot: 88 (f/k/a 88 & 212) in the County of Queens and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. CTJ Investments LP is a limited partnership organized under the laws of the State of Delaware. Its general partner is CTJ Management Inc., which is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 7391 Waterton Drive, Richmond, BC, Canada V7A 4L6. CTJ Investments LP has six limited partners, each of whom is an individual who is a citizen and resident of the Country of Canada. As such, CTJ Investments LP is a citizen of Canada and Delaware.

3. JN Financial Services, LLC is a California limited liability company with its principal place of business at 11945 Lambert Road, Tustin, CA 92782. Its Members are citizens of the United States and residents of the State of California. As such, JN Financial Services is a citizen of California.

4. Charmaine Brooks, upon information and belief, is a citizen of the United States and a resident of the State of New York, having an address at 167-11 145th Avenue, Jamaica, NY 11434. Charmaine Brooks is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the record owner of the Subject Property; (iii) is the borrower of the loan; and (iv) is the Mortgagor under the Mortgage.

5. The Cadle Company, is a corporation organized under the laws of the State of Ohio with its principal place of business located at 100 North Center Street, Newton Falls, OH 44444. It is a party Defendant herein by virtue of its ownership of a subordinate mortgage given against the premises in foreclosure, which is subordinate to Plaintiffs' loan. The Cadle Company's Mortgage is dated March 3, 2006 and recorded on March 17, 2006 in the Office of the Register of the City of New York for the County of Queens in CRFN: 2006000153729.

In addition, The Cadle Company is a judgment creditor by virtue of a Queens County Judgment docketed on March 18, 2014 for $222,873.05 against the property and/or borrower, which is subordinate to Plaintiffs' loan. See judgment as part of Exhibit "F". Upon information and belief, The Cadle Company is a citizen of the State of Ohio.

6. Capital One Bank, upon information and belief, is a banking institution having an address at 2001 Maywill Street, Richmond, VA 23230. It is a necessary party defendant because it is a judgment creditor by virtue of a Queens County Court judgment docketed on March 2, 2011 for $1,446.49 against the property and/or borrower, which is subordinate to Plaintiffs' loan. See subordinate mortgage and judgment as part of Exhibit "F".

7. New York City Environmental Control Board ("ECB") was established under §1404 of the New York City Charter and operates as an administrative tribunal of the City of New York. As such, for purposes of diversity jurisdiction, ECB, with its principal place of business located at 1250 Broadway, 7th Floor, New York, New York, 10001, is a citizen of the State of New York. It is a necessary party defendant by virtue of multiple ECB judgments against the borrower and/or property, which are subordinate to Plaintiffs' mortgage. See judgments as part of Exhibit "F".

8. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

9. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

11. This action is brought to foreclose a mortgage made by Charmaine Brooks set out as follows: Mortgage dated March 3, 2006, made by Charmaine Brooks to Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp. to secure the sum of $500,000.00 and interest, recorded in CRFN: 2006000153728 in the Office of the Register of the City of New York for the County of Queens on March 18, 2006. Said lien covers premises known as 167-11 145th Avenue, Jamaica, NY 11434. A copy of the Mortgage is annexed as Exhibit "B".

12. On March 3, 2006, Charmaine Brooks executed and delivered a Note to WMC Mortgage Corp. in the amount of $500,000.00. The Note was subsequently transferred by the affixation of a proper endorsement to the Note. A copy of the Note with endorsement is annexed as Exhibit "C".

13. The Note was transferred by the affixation of an endorsement to the Note and subsequent assignments thereof; the Mortgage was assigned by Assignments of Mortgage as follows:

   a) **Assignor:** Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corporation
   **Assignee:** FV-1, Inc.
   **Dated:** August 16, 2007 **Recorded:** August 27, 2007
   CRFN 2007000441896, which assigned the Mortgage

   b) **Assignor:** FV-1, Inc.
   **Assignee:** Elizon Mortgage Trust, Series 2009-1
   **Dated:** January 13, 2014 **Recorded**: July 1, 2014
   CRFN 2014000222360, which assigned the Mortgage and Note

   c) **Assignor:** Elizon Mortgage Trust, Series 2009-1

    **Assignee:** Emerald Lake Investments, LLC
    **Dated:** January 17, 2014 **Recorded**: July 1, 2014
    CRFN 201400022236, which assigned the Mortgage and Note

d) **Assignor:** Emerald Lake Investments, LLC
    **Assignee:** CTJ Investments LP, 89.19% undivided interest and JN Financial Services LLC, 10.81% undivided interest
    **Dated:** January 21, 2014 **Recorded**: July 1, 2014
    CRFN 2014000222362, which assigned the Mortgage and Note

Copies of the Assignments are annexed hereto as Exhibit "D", respectively.

14. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

15. Plaintiffs are the holder of the subject Mortgage and Note, or have been delegated the authority to institute a mortgage foreclosure action by the holder of the subject Mortgage and Note.

16. Charmaine Brooks has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the monthly payment due on June 1, 2007. Pursuant to CPLR §213(4), Plaintiffs have advanced the default date due to October 1, 2014. The default continues to date.

17. Plaintiff has complied with the contractual provisions in the loan documents in that a Default Notice to cure was issued on July 2, 2019 to Charmaine Brooks (the "Default Notice") advising of possible acceleration of the loan and that by virtue of her continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiffs may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on July 2, 2019 to Charmaine Brooks. Plaintiffs have complied with the registration

requirements of RPAPL 1306(1). Copies of the Default Notice and 90-day notice with proof of mailing and registration are annexed hereto as Exhibit "E".

18. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-l of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

19. Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

20. As of the date herein, Charmaine Brooks has failed to respond to the Default Notices.

21. Due to the above-described default, Defendant Charmaine Brooks is indebted to Plaintiffs pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of July 2, 2019 amounts to $732,576.58:

    b. Attorney's fees and other costs and disbursements, payable to Plaintiffs under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

22. Plaintiffs request that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

   d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

   e. Any right of tenants or person in possession of the subject premises.

   f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

   g. Prior lien(s) of record, if any.

23. In the event that Plaintiffs possess any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiffs request that such other liens(s) shall not be merged in Plaintiffs' cause(s) of action set forth in this Complaint, but that Plaintiffs shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

24. Plaintiffs shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

25. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, except a prior action brought in this Court, which action was voluntarily dismissed by Plaintiffs.

**WHEREFORE**, on the first cause of action, the Plaintiffs demand judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and

foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiffs pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiffs' Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Charmaine Brooks may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiffs possess any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiffs request that such other lien(s) shall not be merged in Plaintiffs' cause(s) of action set forth in this complaint but that Plaintiffs shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants

deliver possession of the premises to Plaintiffs, and that the Plaintiffs may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: October 16, 2020
      Syosset, New York

                                      Yours, etc.
                                      The Margolin & Weinreb
                                      Law Group, LLP
                                      Attorneys for Plaintiffs

                                      By: /s/ *Alan H. Weinreb*
                                              Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiffs, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiffs or officers and/or agents of plaintiffs and copies of plaintiffs' records in my possession. This affirmation is made by me because plaintiffs are not in a county in which my firm has its office.

Dated: October 16, 2020
      Syosset, New York

                                                        /s/ Alan H. Weinreb
                                                   **ALAN H. WEINREB**