**SOLOMON ROSENGARTEN**
Attorney-at-Law
2327 Nostrand Avenue
Brooklyn, New York 11210
(718) 627-4460
VOKMA@AOL.COM

Admitted to Practice:
New York
New Jersey

January 3, 2023

VIA ECF
The Honorable Chief Judge Margo K. Brodie
United States District Court - E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

RE: CTJ Investments LP, et al. v. Charmaine Brooks, et al.
    Civil Action No. 20-cv-4983-MKB-PK

Dear Judge Brodie:

    I am the attorney for defendant Charmaine Brooks in the above-entitled matter. I am writing to request a pre-motion conference preliminary to making a motion to dismiss this action on the grounds that the Statute of Limitations has expired. I am making this request at this time because of an amendment to the New York CPLR 213(4), which became effective on January 1, 2023 and applies to all pending cases.

    A foreclosure action on the subject property was commenced in the New York Supreme Court, Queens County on August 21, 2007. The action was dismissed on September 30, 2013. On January 30, 2015 plaintiff commenced a second action to foreclose on the subject property in this Court. Defendant Charmaine Brooks filed an Answer and Counterclaim seeking to discharge the mortgage on the grounds that the Statute of Limitations had expired. Subsequently, plaintiff discontinued its action, but the parties agreed that the counterclaim shall remain in effect.

    The case was tried before the Hon. Raymond Dearie. Plaintiff's position at trial was that the action was not time-barred because FV-1, the plaintiff in the Queens County action, did not have standing to commence the action; therefore, the loan was not accelerated and the Statute of Limitations did not begin to run. Judge Dearie agreed with the plaintiff's position and dismissed the counterclaim.

    NY CPLR 213(4)(a), effective January 1, 2023, provides that a lender may not assert that a prior foreclosure action was not properly accelerated unless there has been a judicial determination that this was the case. The new subdivision applies to all pending cases. In the aforesaid Queens County action, the case was dismissed because Ms. Brooks was not properly served with the summons and complaint. The Court did not make a determination that the loan was not properly accelerated. Therefore, the plaintiff in this case cannot assert that the Queens County case was not properly accelerated. The Answer

filed herein asserted, as an Affirmative Defense, that this action was barred by the Statute of Limitations. Judge Dearie's decision in the prior action is not binding since it was made prior to the enactment of the aforementioned amendment to CPLR 214(4).

There is no question that the Statute of Limitations for bringing a foreclosure action has expired. NY CPLR§ 213(4) provides that, "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note or mortgage so secured, or upon a mortgage of real property, or any interest therein" must be commenced within six years. With respect to a note payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon. *Morrison v. Zaglool*, 88 A.D.3d 856, 858 (NY App. Div., 2nd Dept. 2011). However, once the acceleration clause in a mortgage is exercised, the entire amount is due, and the statute of limitations begins to run on the entire mortgage debt. *U.S. Bank Natl. Assoc. v. Martin*, 144 A.D.3d 891 (NY App. Div., 2nd Dept. 2016); *Clayton Natl. v Guldi*, 307 A.D.2d 982 (NY App. Div., 2nd Dept. 2003). The filing of the summons and complaint in the New York Supreme Court, Queens County on August 21, 2007 seeking the entire unpaid balance of principal in the prior foreclosure action constituted an acceleration of the debt. *Deutsche Bank Natl. Trust Co. v. Adrian*, 157 A.D.3d 934 (2nd Dept. 2018); Beneficial Homeowner Serv. Corp. v Tovar, 150 A.D.3d 657, 658 (2017). Since the Queens County action was commenced on August 21, 2007 and the instant action was commenced on October 16, 2020.,it is well beyond the six year period allowed by CPLR 213(4).

I therefore respectfully request that a pre-motion conference be scheduled in this matter.

Respectfully yours,

s/ *Solomon Rosengarten*

Solomon Rosengarten