UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CTJ INVESTMENTS LP and JN FINANCIAL SERVICES, LLC,

Plaintiffs,

v.

CHARMAINE BROOKS, THE CADLE COMPANY, CAPITAL ONE BANK, and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-4983 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiffs CTJ Investments LP ("CTJ Investments") and JN Financial Services, LLC ("JN Financial Services") commenced the above-captioned action on October 16, 2020 against Defendants Charmaine Brooks, The Cadle Company, Capital One Bank, and New York City Environmental Control Board. (Compl., Docket Entry No. 1.) Plaintiffs initiated this action, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq*., to foreclose on a mortgage encumbering property located at 167-11 145th Avenue, Jamaica, NY 11434 (the "Property"). (*Id.* ¶ 1.)

On August 14, 2023, Brooks moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] and Plaintiffs opposed the

[1] On May 12, 2022, Plaintiffs moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, (Pls.' Mot. for Summ. J., Docket Entry No. 34), and Brooks cross-moved for summary judgment, (Brooks' Cross-Mot. for Summ. J., Docket Entry No. 35). On March 20, 2023, the Court *sua sponte* deferred its decision on the parties' motions for summary judgment in light of Brooks' anticipated motion to dismiss Plaintiffs' claims as time-

motion.[2] On February 6, 2024 and subsequently on October 23, 2025, the Court *sua sponte* deferred its decision on the pending motions because the constitutionality and retroactivity of the statute at issue — the 2022 New York Foreclosure Abuse Prevention Act ("FAPA"), 2022 N.Y. Laws 2180–82 (codified in scattered sections of N.Y. C.P.L.R. and N.Y. Gen. Oblig. L.) — was being considered by the Second Circuit and the New York Court of Appeals. (Order dated Feb. 6, 2024; Min. Entry & Order dated Oct. 23, 2025.) For the reasons explained below, the Court grants Brooks' motion to dismiss, dismissing the Complaint with prejudice and denying the parties' cross-motions for summary judgment as moot.

## I. Background

Plaintiff CTJ Investments is a Delaware limited partnership.[3] (Compl. ¶ 2.) Its general partner is CTJ Management Inc., a Delaware corporation, with its principal place of business in

---

barred pursuant to recent amendments of New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 213(4). (Order dated Mar. 20, 2023.) The Court determined that it would address Brooks' anticipated motion to dismiss first and directed, following resolution of that motion, that "either party may file a letter with the Court requesting that the summary judgment motions be restored to the calendar." (*Id.*)

[2] (Def.'s Notice of Mot. to Dismiss ("Def.'s Mot."), Docket Entry No. 54; Decl. of Solomon Rosengarten, Esq. in Supp. of Def.'s Mot. ("Rosengarten Decl."), appended to Def.'s Mot., Docket Entry No. 54-1; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 55; Pls.' Mem. in Opp'n to Def.'s Mot. ("Pls.' Opp'n"), Docket Entry No. 50; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 57; Reply Decl. of Solomon Rosengarten, Esq. in Supp. of Def.'s Reply ("Rosengarten Reply Decl."), Docket Entry No. 56; Def.'s Suppl. Mot. to Dismiss ("Def.'s Suppl. Mem."), Docket Entry No. 64; Pls.' Suppl. Opp'n to Def.'s Mot. ("Pls.' Suppl. Opp'n"), Docket Entry No. 65; Def.'s Suppl. Reply in Supp. of Def.'s Mot. ("Def.'s Suppl. Reply"), Docket Entry No. 66.) As Brooks' memorandum of law, (Def.'s Mem.), supplemental memorandum of law, (Def.'s Suppl. Mem.), and supplemental reply, (Def.'s Suppl. Reply), are not internally paginated, the Court refers to the respective portable document format ("PDF") page numbers.

[3] In deciding a Rule 12(b)(6) motion, "the district court is normally required to look only to the allegations on the face of the complaint," but "may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth*

Canada. (*Id.*) CTJ Investments has six limited partners who are individuals, each of whom is a citizen and resident of Canada. (*Id.*) Plaintiff JN Financial Services is a California limited liability company with its principal place of business in California. (*Id.* ¶ 3.) Its members are citizens of the United States and residents of California. (*Id.*) Defendant Brooks is a citizen and resident of New York and at the time of the filing of the Complaint, lived at the Property. (*Id.* ¶ 4.) Defendant the Cadle Company is an Ohio corporation with its principal place of business in Ohio and is a judgment creditor against the Property, subordinate to CTJ Investments' loan. (*Id.* ¶ 5.) Defendant Capital One Bank is, "upon information and belief," a banking institution with an address in Richmond, Virginia and is a judgment creditor against the Property, subordinate to CTJ Investments' loan. (*Id.* ¶ 6.) The New York City Environmental Control Board, established under § 1404 of the New York City Charter and operating as an "administrative tribunal of the

---

*v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)); *see United States ex. rel. Henig v. Amazon.com, Inc.*, 177 F.4th 156, 163 (2d Cir. 2026) (same); *Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025) (same); *Lynch v. Dep't of Ed. of N.Y.*, 822 F. Supp. 3d 258, 275 (E.D.N.Y. 2026) ("On a motion to dismiss, courts are constrained in their review to the four corners of the complaint, the documents attached thereto, those that are integral to the complaint or incorporated by reference, and those facts or documents of which the court can take judicial notice." (internal quotation marks omitted)). In addition, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *see Hudson Shore Assocs. Ltd. P'ship v. New York*, 139 F.4th 99, 104 n.1 (2d Cir. 2025) (citations omitted); *Goe v. Zucker*, 43 F.4th 19, 29 (2d Cir. 2022) (first citing *Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226–27 (1959); and then citing *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003)); *see also Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020) (district courts "may consider public records that may be judicially noticed in ruling on motions" (quoting *Pani*, 152 F.3d at 75)); *Perkins v. Solomon*, 821 F. Supp. 3d 395, 406 (E.D.N.Y. 2026) (noting the court may take judicial notice of public records in deciding a motion to dismiss, although the "documents subject to judicial notice cannot be used at the motion to dismiss stage for the truth of the matters asserted therein," "only . . . to establish the fact that they, or the proceedings they reflect, exist" (internal quotation marks omitted)); *McConkey v. Churchill Sch. & Ctr.*, No. 24-CV-6091, 2025 WL 2062195, at *4 n.1 (S.D.N.Y. July 23, 2025) ("Though the [c]ourt may take judicial notice of 'documents in the public record at the [m]otion [t]o [d]ismiss stage, it considers them only to establish their existence and legal effect, or to determine what statements they contained not for the truth of the matters asserted.'" (quoting *2002 Lawrence R. Buchalter Alaska Tr. v. Phila. Fin. Life Assur. Co.*, 96 F. Supp. 3d 182, 206 (S.D.N.Y. 2015))).

City of New York," has issued multiple judgments against Brooks and/or the Property, which are subordinate to CTJ Investments' mortgage.[4] (*Id.* ¶ 7.)

**a. The mortgage and note**

On March 3, 2006, Brooks executed a note to WMC Mortgage Corp. ("WMC"), promising to repay the principal amount of $500,000, plus interest (the "Note"). (Compl. ¶ 12; Note 1, 4, annexed to Compl. as Ex. C and appended to Compl. in Exs. A - F 29–34, Docket Entry No. 1-1.) On the same day, Brooks executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC (the "Mortgage"). (Compl. ¶ 11; Mortgage 1, annexed to Compl. as Ex. B and appended to Compl. in Exs. A - F 3–28, Docket Entry No. 1-1.) The Mortgage encumbers the Property and was recorded on March 18, 2006. (Mortgage 1, 4–5; Compl. ¶ 11.) The Mortgage was assigned multiple times, including to FV-1 LLC ("FV-1"), until it was ultimately assigned to Plaintiffs. (Compl. ¶¶ 13, 15; *see also* Assignments of Mortgage, annexed to Compl. as Ex. D and appended to Compl. in Exs. A - F 35–50, Docket Entry No. 1-1.) The Note was also transferred "by the affixation of an endorsement to the Note and subsequent assignments." (Compl. ¶ 13.)

Pursuant to the terms of the Note, Brooks was required to make payments of principal

[4] Defendants The Cadle Company and Capital One Bank have failed to appear in the action and Defendant New York City Environmental Control Board, despite the appearance of an attorney on its behalf, has also failed to file an answer or otherwise appear. (*See* Min. Entry dated Mar. 17, 2021 (noting Defendants The Cadle Company, Capital One Bank and New York City Environmental Control board did not appear); Min. Order dated Aug. 4, 2021 (same); Min. Entry dated Oct. 23, 2025 (same); *see generally* Docket.) On December 23, 2020, Plaintiffs filed affidavits of service for each of these Defendants. (Aff. of Service for New York City Environmental Control Board, Docket Entry No. 10; Aff. of Service for Capital One Bank, Docket Entry No. 11; Aff. of Service for The Cadle Company, Docket Entry No. 12.)

and accrued interest on the first day of each month, beginning on June 1, 2007,[5] until the Note matured on March 1, 2036. (Note 1; Compl. ¶ 16.) The Note made clear that failure to pay any monthly installment would constitute default. (Note 3; Compl. ¶ 17.) Brooks breached her obligations under the Note by failing to pay the first monthly payment due, resulting in a default and which continued to the date of the filing of the Complaint on October 16, 2020. (Compl. ¶ 16.)

**b. The 2007 state court foreclosure action**

In August of 2007, FV-1, Plaintiffs' predecessor-in-interest, brought a foreclosure action in New York Supreme Court, Queens County (the "2007 State Foreclosure Action"). (2007 State Foreclosure Action Compl., annexed to Rosengarten Decl. as Ex. A, Docket Entry No. 54-2.) The court dismissed the 2007 State Foreclosure Action in September of 2014 for failure to properly serve Brooks. (2007 State Foreclosure Action Order 2, annexed to Rosengarten Decl. as Ex. B, Docket Entry No. 54-3.)

**c. The 2015 federal court foreclosure action**

In January of 2015, Plaintiffs brought a foreclosure action in the Eastern District of New York (the "2015 Federal Foreclosure Action"). (2015 Federal Foreclosure Action Compl., annexed to Rosengarten Decl. as Ex. C, Docket Entry No. 54-4.) Brooks filed an answer, asserting affirmative defenses, and one counterclaim. (2015 Federal Foreclosure Action Answer 3–6, annexed to Rosengarten Decl. as Ex. D, Docket Entry No. 54-5.) In her counterclaim, Brooks sought to dismiss the action and cancel and discharge the Mortgage pursuant to RPAPL § 1501(4), arguing that the statute of limitations had expired due to the 2007 State Foreclosure

[5] The Note required Brooks to begin making payments on April 1, 2006. (Note 1.) However, Plaintiffs allege that Brooks' first monthly payment was due June 1, 2007. (Compl. ¶ 16.) This discrepancy does not impact the Court's analysis and decision.

Action being commenced more than six years prior. (*Id.* at 3–6.) In May of 2016, the parties jointly stipulated to voluntarily dismiss the 2015 Federal Foreclosure Action without prejudice, and Brooks withdrew her affirmative defenses but continued to litigate her statute of limitations counterclaim. (Stipulation ¶¶ 1–3, annexed to Rosengarten Decl. as Ex. F, Docket Entry No. 54-7.) Brooks moved for summary judgment on her counterclaim and the parties fully briefed the issue. (*Id.* ¶¶ 4–6.) Brooks argued that the debt was accelerated by FV-1's commencement of the 2007 State Foreclosure Action. Def.'s Mem. in Supp. of Summ. J. 4–8, *CTJ Invs. LP v. Brooks*, No. 15-CV-475 (E.D.N.Y. filed Aug. 12, 2016), appended to Def.'s Not. of Mot. for Summ. J., Docket Entry No. 43-13. Plaintiffs argued that, because FV-1 did not have standing to commence the 2007 State Foreclosure Action, the debt was never accelerated and the statute of limitations never began to run. *See* Pls.' Opp'n 3–7, *Brooks*, No. 15-CV-475 (filed Aug. 12, 2016), appended to Pls.' 56.1 Stmt., Docket Entry No. 45-3. The court denied Brooks' motion for summary judgment because "whether FV-1 had standing to sue to foreclose is material to the RPAPL counterclaim" and "the issue cannot be resolved on the available record."[6] *See* Summ. J. Mem. & Order 4, *Brooks*, No. 15-CV-475 (filed Mar. 24, 2017), Docket Entry No. 50.

The parties agreed that "whether FV-1 had standing depend[ed] on whether it was [a] valid assignee of the Note before it commenced the [2007 State] Action." *CTJ Invs. LP v.*

---

[6] Judge Raymond J. Dearie explained that:

> Although . . . it is undisputed that MERS assigned the Mortgage to FV-1 five days before FV-1 commenced the state court action, the record does not disclose with the requisite certainty whether, as New York law requires, there was *also* a lawful and timely assignment *of the Note*. The uncertainty, unfortunately, is in large part the result of the parties' own curious litigation tactics, which failed to provide the presumably available documentary proof of this simple transactional fact.

Summ. J. Mem. & Order 4–5, *CTJ Invs. LP v. Brooks*, No. 15-CV-475 (E.D.N.Y. filed Mar. 24, 2017), Docket Entry No. 50.

*Brooks*, No. 15-CV-475, 2019 WL 2571151, at *1 n.1 (E.D.N.Y. June 20, 2019). Accordingly, on April 2, 2019, Judge Raymond J. Dearie held a bench trial on the sole issue of "whether a lawful assignment of the Note had been made to FV-1 before it commenced the [2007 State Foreclosure] Action." *Id.* at *1. Judge Dearie found, as a matter of law, that (1) "FV-1 lacked standing to bring the [2007 State Foreclosure] Action because there [was] no proof that it was an assignee of the Note at the relevant time," and (2) "Brooks therefore [had] not established that the commencement of the [2007 State Foreclosure] Action was a valid acceleration of the Mortgage that started the running of the six-year limitations clock." *Id.* at *3. Judge Dearie therefore dismissed Brooks' counterclaim. *Id.* at *4.

**d. Procedural background**

On October 16, 2020, Plaintiffs filed the Complaint against Defendants bringing a cause of action under RPAPL to foreclose on the Mortgage encumbering the Property. (Compl.) On January 20, 2021, Brooks filed an Answer to the Complaint. (Answer, Docket Entry No. 15.)

On May 12, 2022, Plaintiffs moved for summary judgment and on May 13, 2022, Brooks cross-moved for summary judgment. (Pls.' Mot. for Summ. J.; Brooks' Cross-Mot. for Summ. J.) On March 20, 2023, the Court deferred its decision on the parties' motions for summary judgment in light of Brooks' anticipated motion to dismiss. (Order dated Mar. 20, 2023.)

On August 14, 2023, Brooks moved to dismiss the Complaint for failure to state a claim and Plaintiffs opposed the motion. (Def.'s Mot.; Def.'s Mem.; Pls.' Opp'n; Def.'s Reply.) On February 6, 2024, the Court deferred its decision on the pending motion to dismiss, as well as the cross-motions for summary judgment, because the Second Circuit was considering the constitutionality and retroactivity of FAPA. (Order dated Feb. 6, 2024.) *See E. Fork Funding LLC v. U.S. Bank, N.A.*, No. 23-659 (2d Cir. Apr. 21, 2023). The Court directed "the parties to file letters explaining the impact of the Second Circuit's decision in *East Fork* on the pending

motion [to dismiss] . . . within fourteen days after *East Fork* [was] decided." (Order dated Feb. 6, 2024.) On October 1, 2024, Plaintiffs filed a status letter informing the Court that the Second Circuit issued an order certifying the following question to the New York Court of Appeals: "Whether Sections 4 and/or 8 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. 203(h) and 3217(e), respectively, apply to a unilateral voluntary discontinuance taken prior to the Act's enactment." (Status Ltr. dated Oct. 1, 2024, Docket Entry No. 58.) On October 6, 2025, Plaintiffs filed another status letter informing the Court that on October 24, 2024, the New York Court of Appeals declined to accept the Second Circuit's certified questions and requesting that the Court proceed with the pending motions. (Status Ltr. dated October 6, 2025, Docket Entry No. 59.) *See E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. Mortg. Pass-Through Certificates, Series 2006-AR6*, 118 F.4th 488, 492 (2d Cir. 2024), *certified questions denied*, 42 N.Y.3d 981 (2024). The Court scheduled a status conference for October 23, 2025. (Scheduling Order dated Oct. 17, 2025.)

At the conference, the Court questioned Plaintiffs' representation that given the New York Court of Appeals' declination to accept *East Fork*'s certified questions "there [was] no binding state-court or appellate authority resolving the issue of FAPA's retroactivity," (Status Ltr. dated October 6, 2025), and "discussed the impact of *Article 13 LLC v. Ponce De Leon Fed. Bank* [(*Article 13 LLC I*)], 132 F.4th 586 (2d Cir. 2025), *certified questions accepted*, 43 N.Y.3d 982 (2025), on the pending motion to dismiss and cross-motions for summary judgment," (Min. Entry dated Oct. 23, 2025.) Given the New York Court of Appeals' acceptance of the Second Circuit's certified questions in *Article 13 LLC*, which were the same questions previously denied consideration in *East Fork*, the Court deferred ruling on the parties' motions until the New York Court of Appeals decided *Article 13 LLC*; the New York Court of Appeals heard oral arguments on October 16, 2025. (*Id.*)

On November 26, 2025, Brooks filed a status letter informing the Court that the New York Court of Appeals decided *Article 13 LLC*, holding that FAPA was retroactive and constitutional. (Brooks' Status Ltr. dated Nov. 26, 2025, Docket Entry No. 61.) *See Article 13 LLC v. Ponce De Leon Fed. Bank* (*Article 13 LLC II*), 45 N.Y.3d 441 (2025). On December 2, 2025, Plaintiffs also filed a letter informing the Court of the New York Court of Appeals' decision, responding to Brooks' November 26, 2025 letter, and requesting that the Court grant supplemental briefing given the recent decisions. (Pls.' Status Ltr. dated Dec. 2, 2025, Docket Entry No. 62.) The Court granted the parties' request and ordered them to submit supplemental briefing on Brooks' motion to dismiss. (Order dated Dec. 8, 2025.) Brooks filed a supplemental memorandum of law on January 9, 2026, Plaintiffs filed a supplemental memorandum of law in opposition on February 9, 2026, and Brooks filed a supplemental reply memorandum of law on February 23, 2026. (Def.'s Suppl. Mem.; Pls.' Suppl. Opp'n; Def.'s Supp.l Reply.)

## II. Discussion

Brooks argues that the Court must dismiss the action because the statute of limitations has expired. (Def.'s Mem. 4; Def.'s Reply 2–3; Def.'s Suppl. Mem. 2–3.) In support, Brooks contends that the filing of the summons and complaint in the 2007 State Foreclosure Action seeking the entire unpaid balance of principal constituted an acceleration of the debt. (Def.'s Mem. 4–5.) Therefore, since there was no judicial determination in the prior foreclosure action that the loan was not properly accelerated, pursuant to N.Y. C.P.L.R. § 213(4)(a), Plaintiffs' claims are time-barred falling outside of the six-year statute of limitations period. (*Id.*; Def.'s Suppl. Mem. 2–3.) Moreover, Brooks argues that FAPA applies retroactively and bars Plaintiffs from raising a defense that the acceleration was invalid, both by making new arguments and raising Judge Dearie's decision from the 2015 Federal Foreclosure Action. (Def.'s Mem. 5–6; Def.'s Suppl. Mem. 2–3; Def.'s Reply 2–3.) Specifically addressing Plaintiffs' argument that the

Court should apply the principles of *res judicata* to this case given Judge Dearie's decision from the 2015 Federal Foreclosure Action, Brooks contends that Plaintiffs' argument is without merit because their briefing addresses changes in decisional law while FAPA constitutes a change in statutory law. (Def.'s Reply 1–2.) Brooks also argues that even if the Court considered Plaintiffs' otherwise-barred arguments, New York courts "squarely rejected" the conclusion that failure to effectuate personal service does not validly accelerate a loan. (Def.'s Suppl. Reply 3.)

Plaintiffs oppose Brooks' motion to dismiss arguing that FAPA is inapplicable to this action, which was timely filed. (Pls.' Opp'n 6–7.) First, Plaintiffs contend that the 2007 State Court Foreclosure Action was judicially determined, by Judge Dearie's decision in the 2015 Federal Court Foreclosure Action, to have not validly accelerated the debt because there was no evidence presented than the Note was assigned. (*Id.*) Plaintiffs argue the "conclusive effect of [Judge Dearie's] final disposition is not to be disturbed by a subsequent change in *decisional law*." (*Id.* at 7 (emphasis added).) Therefore, Plaintiffs argue that this action is timely because it was filed within the six-year statute of limitations period following the commencement of the 2015 Federal Court Foreclosure Action. (*Id.*) Second, in their supplemental briefing, Plaintiffs argue that this case "presents a narrow threshold question that neither *Article 13* [*LLC II*] nor *Van Dyke* [*v. U.S. Bank, National Association*, 45 N.Y.3d 461 (2025)] addressed: whether a foreclosure action dismissed for lack of personal jurisdiction, *i.e.*, an action that was void from its inception and never validly before the court, can ever effect a legally operative acceleration of mortgage debt under [FAPA]." (Pls.' Suppl. Opp'n 1.) Plaintiffs argue that as a result, neither case applies because "both decisions presuppose a prior action that was validly commenced and jurisdictionally sound." (*Id.* at 3.) Third, following this line of reasoning, Plaintiffs contend that the 2007 State Foreclosure Action was "void for personal jurisdiction and brought by an entity that lacked authority to accelerate the debt" and therefore, "there was no legally effective

acceleration to which FAPA's estoppel provision could attach." (*Id.* at 1, 4–5.) Plaintiffs argue that N.Y. C.P.L.R. § 213(4) "was enacted to prevent lenders from re-litigating standing-based acceleration arguments after prior valid actions were dismissed" and "does not bar challenges based on lack of personal jurisdiction, lack of authority to accelerate, or the legal nonexistence of the prior action." (*Id.* at 5.) Lastly, Plaintiffs explain that "Judge Dearie's findings confirm the absence of any valid acceleration."[7] (*Id.* at 6–7.)

**a. Standards of review**

**i. 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must 'construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor.'" *Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024) (quoting *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) ("[The Second Circuit] review[s] *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002))). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Yerkyn v. Yakovlevich*, 164 F.4th 224, 231 (2d Cir. 2026) (quoting *id.*); *see also Miller v. McDonald*, 180 F.4th 420, 426 (2d Cir. 2026) (quoting *Ashcroft v. Iqbal*,

[7] Plaintiffs do not dispute that FAPA applies to the Mortgage and Loan because "a final judgment of foreclosure and sale has not been enforced." *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n as Tr. for Greenpoint Mortg. Funding Tr. Mortg. Pass-Through Certificates, Series 2006-AR6*, 118 F.4th 488, 493 (2d Cir. 2024) (quoting FAPA § 10, 2022 N.Y. Laws 2182), *certified questions denied*, 42 N.Y.3d 981 (2024).

556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see Knapp v. Barclays PLC*, 171 F.4th 166, 170 (2d Cir. 2026) (quoting same); *Carruthers v. Colton*, 153 F.4th 169, 179 (2d Cir. 2025) (quoting same); *Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Matson*, 631 F.3d at 63); *see also Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 544 (2d Cir. 2024) ("[T]he plaintiff's allegations must enable the court to reasonably infer that the defendant is liable for the alleged misconduct." (citing *Iqbal*, 556 U.S. at 678)), *cert. denied*, 146 S. Ct. 880 (2025); *Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024) ("[S]urviv[ing] a motion to dismiss . . . requires 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see Roe*, 91 F.4th at 651 ("Although all factual allegations contained in the complaint are assumed to be true, this rule does not extend 'to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *id.*)).

**ii. FAPA and subsequent case law**

The statute of limitations for a mortgage foreclosure action is six years. N.Y. C.P.L.R. § 213(4); *E. Fork Funding LLC*, 118 F.4th at 492 (quoting *id.*); *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021) (quoting same). The "six-year statute of limitations on an action to foreclose on a mortgage begins to run when a foreclosure action is commenced, and the mortgage debt is accelerated, or the entire mortgage amount made immediately due." *Article 13 LLC I*, 132 F.4th at 589; *see E. Fork Funding LLC*, 118 F.4th at 492 ("[O]nce a mortgage debt is

accelerated — such as by commencement of a foreclosure action — 'the entire amount is due and the Statute of Limitations begins to run on the entire debt.'" (quoting *Ditmid Holdings, LLC v. JPMorgan Chase Bank, N.A.*, 120 N.Y.S.3d 393, 394 (App. Div. 2020))); *Article 13 LLC II*, 45 N.Y.3d at 449 ("[I]f a lender elects to accelerate the loan, the cause of action for the entire outstanding debt and interest accrues on that date, thus commencing the six-year statute of limitations."); *Van Dyke*, 45 N.Y.3d at 470 ("[W]hen a noteholder accelerates a defaulted loan, the six-year limitations period starts running as to the entire amount due under the loan as of the date of acceleration.").

In response to a body of New York case law involving the de-acceleration of loans and the impact on the statute of limitations period, culminating in the New York Court of Appeals' decision in *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1 (2021), the New York legislature enacted FAPA to address "ongoing . . . abuses of the judicial foreclosure process and lenders' attempts to manipulate statute of limitations . . . exacerbated by recent court decisions." *Article 13 LLC II*, 45 N.Y.3d at 449–51 & n.1 (alterations in original) (citing 2022 N.Y. Laws 2180) (collecting cases); *see also Article 13 LLC I*, 132 F.4th at 593 (explaining that the "legislative history of FAPA suggests that the statute was passed to overrule [*Engel*,[8]] a Court of Appeals decision"). FAPA applies "to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced." *E. Fork Funding LLC*, 118 F.4th at 493 (alteration in original) (quoting FAPA § 10). Under Sections 4 and 8 of FAPA, "[o]nce a cause of action . . . has accrued, . . . no party may, in form or effect, unilaterally waive, postpone,

[8] *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1 (2021) involved a question of whether a party de-accelerated, or revoked a prior acceleration of, a loan due to a "sufficiently affirmative act," which served as a manipulation of the statute of limitations period. *Article 13 LLC v. Ponce De Leon Fed. Bank* (*Article 13 LLC II*), 45 N.Y.3d 441, 449–51 (2025); *see also Engel*, 37 N.Y.3d 1.

cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law . . . , unless expressly prescribed by statute" — including a voluntary discontinuance of such action. FAPA § 4 (codified as amended at N.Y. C.P.L.R. § 203(h)); FAPA § 8 (codified as amended at N.Y. C.P.L.R. § 3217(e)); *see Van Dyke*, 45 N.Y.3d at 470 (first quoting N.Y. C.P.L.R. § 203(h); and then quoting N.Y. C.P.L.R. § 3217(e)); *see also Assets Recovery 23, LLC v. Gasper*, No. 19-CV-2628, 2026 WL 865837, at *5 (E.D.N.Y. Mar. 30, 2026) ("[O]nce the loan has been accelerated, 'no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual [of the cause of action], or otherwise purport to effect a unilateral extension of the limitations period' — including through a 'voluntary discontinuance.'" (quoting *Van Dyke*, 45 N.Y.3d at 470)), *appeal docketed*, No. 26-1141 (2d Cir. Apr. 29, 2026). Moreover, Section 7 of FAPA provides:

> In any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

FAPA § 7 (codified as amended at N.Y. C.P.L.R. § 213(4)(a)); *see Article 13 LLC I*, 132 F.4th at 591 (quoting *id.*); *see also Article 13 LLC v. Ponce De Leon Fed. Bank* (*Article 13 LLC III*), 175 F.4th 397, 403 (2d Cir. 2026) (explaining that FAPA "bars the defense of the invalidity of prior accelerations of mortgages in quiet title actions"); *Van Dyke*, 45 N.Y.3d at 471 (explaining that "section 7 of FAPA estops a noteholder in a successive foreclosure action from challenging the validity of a loan acceleration made 'prior to, or by way of commencement of' a prior foreclosure action, unless the court in the prior action expressly determined, based on a timely raised defense, that the acceleration was

invalid" (quoting FAPA § 7)). Lastly, Section 10 of FAPA provides that the law "shall apply to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced." *Article 13 LLC I*, 132 F.4th at 591 (alteration in original) (quoting FAPA § 10).

In 2025, the New York Court of Appeals accepted two certified questions from the Second Circuit: (1) "[w]hether, or to what extent does, Section 7 of [FAPA] apply to foreclosure actions commenced before the statute's enactment"; and (2) "[w]hether FAPA's retroactive application violates the right to substantive and procedural due process under the New York Constitution." *Article 13 LLC II*, 45 N.Y.3d at 447 (quoting *Article 13 LLC I*, 132 F. 4th 586). As to the first question, the New York Court of Appeals answered in the affirmative and held that "even if a prior foreclosure action was commenced by another party not in possession of the underlying note, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated, the six-year statute of limitations accrued on the date that action was commenced and continued to run from that date." *Article 13 LLC III*, 175 F.4th at 405 (quoting *Article 13 LLC II*, 45 N.Y.3d at 453). As to the second question, the New York Court of Appeals "concluded that FAPA's retroactive application did not violate . . . due process rights under the New York Constitution." *Id.* (citing *Article 13 LLC II*, 45 N.Y.3d at 457–59). That same day, the New York Court of Appeals also ruled that "FAPA's retroactive application did not violate the Contracts Clause of the U.S. Constitution." *Id.* (citing *Van Dyke*, 45 N.Y.3d at 478–79). Subsequently, in accordance with the New York Court of Appeals' rulings, the Second Circuit held that retroactive application of Section 7 of FAPA does not violate the substantive and procedural Due

Process Clauses, the Contracts Clause, and the Takings Clause under the U.S. Constitution.[9] *Id.* at 406–12.

**b. The action is time-barred and the Court is foreclosed from considering Plaintiffs' arguments**

Plaintiffs' predecessor-in-interest commenced the 2007 State Foreclosure Action in August of 2007 by seeking the entire unpaid balance of the Mortgage and Loan.[10] (2007 State Foreclosure Action Compl.) This constitutes an acceleration of the debt and started the six-year

[9] Given the recent New York Court of Appeals and Second Circuit decisions, *see supra* section II.a.ii, binding case law holds that Plaintiffs' arguments in their initial briefing that "FAPA cannot be applied retroactively and if applied, [ ] violates Plaintiffs' constitutional rights" under the U.S. Constitution's Contracts and Due Process Clauses and the N.Y. Constitution's Due Process Clause are without merit. (Pls.' Opp'n 1, 7–13.) *See Article 13 LLC II*, 45 N.Y.3d at 453, 459 (holding that FAPA retroactively applies and retroactive application did not violate due process rights under the New York Constitution); *Van Dyke v. U.S. Bank Nat'l Ass'n*, 45 N.Y.3d 461 (2025) (holding that FAPA's retroactive application did not violate the Contracts Clause of the U.S. Constitution); *see also Article 13 LLC v. Ponce De Leon Fed. Bank* (*Article 13 LLC III*), 175 F.4th 397 (2d Cir. 2026) (holding that FAPA's retroactive application did not violate substantive and procedural due process under the U.S. Constitution). Therefore, the Court rejects Plaintiffs' arguments and does not consider them further. *See, e.g.*, *Assets Recovery 23, LLC v. Gasper*, No. 19-CV-2628, 2026 WL 865837, at *8 n.11 (E.D.N.Y. Mar. 30, 2026) (rejecting the plaintiff's arguments that FAPA did not apply retroactively, and any retroactive application was not constitutional given the recent opinions), *appeal docketed*, No. 26-1141 (2d Cir. Apr. 29, 2026); *U.S. Bank Nat'l Ass'n v. Singh*, 253 N.Y.S.3d 664, 667 (App. Div. 2026) (same); *HSBC Bank USA, N.A. v. St. Hillaire*, 251 N.Y.S.3d 198, 205 (App. Div. 2026) (same).

[10] Neither party disputes that Plaintiffs can be bound by Plaintiffs' predecessor-in-interest, FV-1, commencing the 2007 State Foreclosure Action. Case law explicitly holds that a plaintiff will be bound to the statute of limitations from a prior action that was commenced by that plaintiff's predecessor-in-interest. *See Article 13 LLC II*, 45 N.Y.3d 453 (holding that "*even if a prior foreclosure action was commenced by another party not in possession of the underlying note*, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated, the six-year statute of limitations accrued on the date that action was commenced and continued to run from that date" (emphasis added)); *see also Assets Recovery 23, LLC*, 2026 WL 865837, at *5 (denying the plaintiff's argument that the "court should disregard the 2009 acceleration because the 2009 [a]ction was filed by [its predecessor] — not the current [p]laintiff" and finding that it did not impact the accrual date of the statute of limitations pursuant to Section 8 of FAPA).

statute of limitations, which expired in 2013.[11] *See Assets Recovery 23, LLC*, 2026 WL 865837, at *6 (holding that the mortgage debt was accelerated and the six year statute of limitations began to run when the plaintiff's predecessor-in-interest commenced the prior action more than six years prior); *HSBC Bank USA N.A. v. Corrales*, 206 N.Y.S.3d 330, 332 (App. Div. 2024) (same); *MTGLQ Invs., L.P. v. Singh*, 190 N.Y.S.3d 415, 417 (App. Div. 2023) (same); *see also U.S. Bank Nat'l Ass'n v. Singh*, 253 N.Y.S.3d 664, 666–67 (App. Div. 2026) (holding the debt was validly accelerated when the plaintiff commenced the previous action and elected to call due the entire outstanding amount); *HSBC Bank USA, N.A. v. St. Hillaire*, 251 N.Y.S.3d 198, 204–05 (App. Div. 2026) (same).

FAPA, which applies retroactively, bars Plaintiffs from raising a defense arguing that the acceleration triggered by the 2007 State Foreclosure Action was invalid. *See Assets Recovery 23*, *LLC*, 2026 WL 865837, at *9 (holding that the plaintiff was "estopped from challenging the validity of [the plaintiff's predecessor-in-interest]'s 2009 acceleration under Section 7 of FAPA" where the plaintiff argued that its predecessor-in-interest lacked standing at the time of the commencement of the prior action (internal quotation marks omitted)); *HSBC Bank USA v. Mathew*, No. 2023-12110, --- N.Y.S.3d ---, ---, 2026 WL 2035975, at *2 (App. Div. July 15, 2026) (holding that "the plaintiff [was] estopped from asserting that the debt was not validly accelerated by the commencement of the 2007 action based on lack of standing" because "the 2007 action was not dismissed based on an expressed judicial determination that the mortgage

[11] Plaintiffs do not dispute that the statute of limitations would have started to run when the 2007 State Foreclosure Action was commenced. (*See generally* Pls.' Opp'n; Pls.' Suppl. Opp'n.) Instead, they argue that because the 2007 State Foreclosure Action was "void for lack of personal jurisdiction and brought by an entity that lacked authority to accelerate the debt," the acceleration was "no[t] legally effective." (Pls.' Suppl. Opp'n 1.) Plaintiffs contend that as a result, the statute of limitations did not start to run with the commencement of the 2007 State Foreclosure Action but instead with the commencement of the 2015 Federal Foreclosure Action. (*Id.* at 1–2.)

debt was not validly accelerated"); *see also Article 13 LLC II*, 45 N.Y.3d at 453 (holding that Section 7 of FAPA applies retroactively and "even if a prior foreclosure action was commenced by another party not in possession of the underlying note, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated, the six-year statute of limitations accrued on the date that action was commenced and continued to run from that date, tollable only as provided for under FAPA"); *Van Dyke*, 45 N.Y.3d at 474 (holding that FAPA apples retroactively and to any action where "a final judgment of foreclosure and sale has not been enforced").

The exception found within Section 7 of FAPA, which applies estoppel "unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated," is not applicable because the dismissal of the 2007 State Foreclosure Action did not address the acceleration or Plaintiffs' predecessor-in-interest's standing — instead, it was dismissed for Plaintiff's failure to effect service. (2007 State Foreclosure Action Order 2.) *See, e.g.*, *Assets Recovery 23*, *LLC*, 2026 WL 865837, at *9 (finding the exception within Section 7 of FAPA was inapplicable because the previous action was discontinued without the court making a finding that the plaintiff's predecessor-in-interest lacked standing to bring the action and the debt was not validly accelerated); *Bank of N.Y. Mellon v. DeMatteis*, 199 N.Y.S.3d 79, 87 (App. Div. 2023) (finding the exception within Section 7 of FAPA was inapplicable where the previous action was dismissed for the plaintiff's failure to effectuate personal service upon the defendant and failure to prosecute against the other defendant); *cf. 7208 Ct. Holdings LLC v. U.S. Bank Nat'l Ass'n as Tr. for Terwin Mortg. Tr. 2005-18Alt Asset-Backed Certificates, Series 2005-18Alt*, 258 N.Y.S.3d 893 (Sup. Ct. 2006) (considering a statute of limitations defense and finding that the

statute of limitations had not expired where the previous action was "dismissed for lack of standing by an express judicial determination . . . [finding] the loan was never accelerated").

Therefore, because the statute of limitations expired seven years prior to the commencement of this lawsuit, the action is time-barred and the Court is foreclosed from considering any arguments made by Plaintiffs that the 2007 State Foreclosure Action was not validly accelerated.

**c. Plaintiffs' arguments**

Even if Plaintiffs were not estopped from raising the alleged invalidity of the 2007 State Foreclosure Action as a defense to the expiration of the statute of limitations, the Court finds Plaintiffs' arguments unavailing.

First, Plaintiffs argue that Judge Dearie's decision in the 2015 Federal Foreclosure Action (a) constitutes a judicial determination that the 2007 State Foreclosure Action was an invalid acceleration, therefore making FAPA inapplicable, and (b) should not be disturbed despite a subsequent change in law. (Pls.' Opp'n 6–7.) At the outset, the Court notes that given the enactment of FAPA and recent decision that FAPA applies retroactively, Judge Dearie, today, would have been foreclosed from considering and deciding Plaintiffs' invalid acceleration argument based on their predecessor-in-interest's lack of standing. *See, e.g.*, *Assets Recovery 23, LLC*, 2026 WL 865837, at *9 (finding that the court could not consider the plaintiff's invalid acceleration argument because "even if a prior foreclosure action was commenced by another party not in possession of the underlying note, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated' — as the plaintiff who elected to accelerate the loan in the complaint lacked standing to foreclose on the mortgage at the time it filed the complaint — 'the six-year statute of limitations accrued on the date that action was commenced and continued to run from that date'" (quoting *Article 13 LLC*

*II*, 45 N.Y.3d at 453)); *see also supra* section II.b for further case law. The Court will not enforce a ruling that, given FAPA's retroactive application, would not be legally permissible today. *See Peña Garcia v. Dir., Off. Of Workers' Comp. Programs*, 169 F.4th 111, 118 (2d Cir. 2026) ("This [c]ourt is obliged to apply the law as it currently stands."); *Walsche v. First Inv'rs Corp.*, 981 F.2d 649, 653 (2d Cir. 1992) ("[T]he general rule [is] that a court must apply the law as it exists at the time it renders its decision."); *Matter of Meegan S. v. Donald T.*, 64 N.Y.2d 751, 752 (1984) ("The earlier decision may be a conclusive adjudication of the [plaintiff's] rights, existing then; it cannot be an adjudication of rights thereafter conferred by law.").[12]

Moreover, when the legislature enacts a statute that applies retroactively, prior judicial interpretations of the superseded statutory language no longer control. *See* Deborah A. Widiss, *Shadow Precedents and the Separation of Powers: Statutory Interpretation of Congressional Overrides*, 84 Notre Dame L. Rev. 511, 514 (2009) ("[O]verrides do, in fact, override: that is, that by enacting an override Congress effectively supersedes statutory interpretations by the courts."); *Tismer v. N.Y. Edison Co.*, 228 N.Y. 156, 163 (1920) (holding

---

[12] In addition, Brooks argues that the Court should not accept Plaintiffs' argument that the Court must not disturb Judge Dearie's decision from the 2015 Federal Foreclosure Action because Second Circuit case law is clear that a dismissal for lack of standing is not considered dismissal "on the merits" for *res judicata* to give the decision preclusive effect. (Def.'s Suppl. Reply 4–5.) While Brooks is correct that "[d]ismissal for lack of statutory standing is not 'on the merits' and therefore lacks res judicata effect," *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745 (2d Cir. 2016); *Diaz v. Judge Advoc. Gen. of the Navy*, 413 F. App'x 342, 343–44 (2d Cir. 2011) ("A dismissal without prejudice for lack of subject matter jurisdiction is not a dismissal 'on the merits' for claim preclusion purposes."), the 2015 Federal Foreclosure Action was adjudicated on the merits, culminating in Judge Dearie's post-trial decision. *CTJ Invs. LP v. Brooks*, No. 15-CV-475, 2019 WL 2571151, at *4 (E.D.N.Y. June 20, 2019). Brooks' argument misunderstands the holding of the 2015 Federal Court Foreclosure Action which found that the plaintiff in the 2007 State Foreclosure Action lacked standing, a decision on the merits. *See id.* Brooks conflates this holding with a finding of lack of standing in the 2015 Federal Foreclosure Action such that Judge Dearie's decision should not be given preclusive effect. Therefore, the Court would not be foreclosed from applying *res judicata* and giving Judge Dearie's decision preclusive effect but, for the reasons discussed, the Court declines to do so.

that a "decision has become obsolete through an amendment of the statute"); *Chamberlain v. W. Transp. Co.*, 44 N.Y. 305, 309 (1871) ("The prior law, whether it be statute or common law, is to prevail, unless the subsequent statute, by a fair and proper construction repeals or modifies it . . . . [Where a statute is] a remedial statute . . . [,] enacted to remedy the rigor of the common law, which it was deemed unwise, on grounds of public policy, to continue . . . [i]t should, therefore, be construed . . . to carry out the policy which it was enacted to promote."); *Sayre v. Wisner*, 8 Wend. 661, 664 (N.Y. Sup. Ct. 1832) ("It cannot be denied that the statute in question creates a new rule, and the essence of a new rule is, that it forms a rule for future cases."); *see also* Deborah A. Widiss, *How Courts Do-and Don't-Respond to Statutory Overrides*, 104 Judicature 50, 56 (2020) ("Overrides are not self-implementing. They are only effective if other legal actors properly apply the new statutory standard, rather than the prior judicial precedent."). Therefore, the Court is not constrained by Judge Dearie's decision in the 2015 Federal Foreclosure Action.

Second, Plaintiffs argue that *Article 13 LLC II* and *Van Dyke* are inapplicable because "both decisions presuppose a prior action that was validly commenced and jurisdictionally sound." (Pls.' Suppl. Opp'n 1, 3.) Instead, they argue that the 2007 State Foreclosure Action was not properly commenced. (*Id.*) Nowhere in either opinion does the New York Court of Appeals discuss or mention that a condition precedent to their decisions was that the prior action was "validly commenced and jurisdictionally sound." *See Article 13 LLC II*, 45 N.Y.3d 441; *Van Dyke*, 45 N.Y.3d 461. The Court will not read into the New York Court of Appeals' decision a requirement not specifically addressed in the court's opinion which would significantly limit the opinion's broad applicability. *See John v. Kingsbrook Jewish Med. Ctr./Rutland Nursing Home*, No. 11-CV-3624, 2014 WL 1236804, at *8 (E.D.N.Y. Mar. 25, 2014) (declining to adopt a party's "narrow interpretation of the caselaw"), *aff''d sub nom. John*

*v. Kingsbrook Jewish Med. Ctr.*, 598 F. App'x 789 (2d Cir. 2015); *Madison Square Garden, L.C. v. Nat'l Hockey League*, No. 07-CV-8455, 2007 WL 3254421, at *6 (S.D.N.Y. Nov. 2, 2008) (rejecting a party's "unduly narrow reading of the case law"), *aff'd*, 270 F. App'x 56 (2d Cir. 2008); *Commc'ns Workers of Am., AFL-CIO v. W. Elec. Co.*, 430 F. Supp. 969, 977 (S.D.N.Y. 1977) ("declin[ing] to extend the holding of [a precedent] beyond the precise question presented, at least until [the court is] directed by higher authority to do so"). Moreover, Plaintiffs base their argument on an alleged distinction of *Article 13 LLC II* and *Van Dyke* because the opinions do not involve "foreclosure action[s] dismissed for lack of personal jurisdiction." (Pls.' Suppl. Opp'n 1.) However, both *Article 13 LLC II* and *Van Dyke* involved situations where the plaintiff in the previous action allegedly lacked standing to bring the prior foreclosure action — and both held that FAPA could be applied retroactively to preclude the plaintiffs from raising that argument. *See Article 13 LLC II*, 45 N.Y.3d at 455–56 (explaining that "allegedly invalid foreclosure actions are almost always started in one of two ways: . . . [such as where] a party that has purchased a note and mortgage cannot prove that it had actual possession of the note at the time it commenced the foreclosure action" and holding that Section 7 of FAPA "does not deprive the noteholder of the ability to protect its property interest"); *Van Dyke*, 45 N.Y.3d 461 (finding FAPA's retroactive application constitutional where the noteholder lacked standing to foreclose under the loan agreement). Plaintiffs' attempt to limit the application of *Article 13 LLC II* and *Van Dyke* fails — dismissal of a lawsuit for lack of standing is similarly a determination that a prior action was not "validly commenced and jurisdictionally sound." (Pls.' Suppl. Opp'n 1, 3.) *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011) (holding that because the "respondents lacked standing to commence th[e] action, [ ] their suit must be dismissed for want of jurisdiction"); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386 (2d Cir. 2021) ("[A] case initiated in the name of a plaintiff that lacks standing is an incurable

nullity."). Accordingly, subsequent case law has applied *Article 13 LLC II* and *Van Dyke* even where there was a question of whether a prior action was, as Plaintiffs style it, "validly commenced and jurisdictionally sound." *See Assets Recovery 13*, *LLC*, 2026 WL 865837, at *9 (applying *Article 13 LLC II* and holding the plaintiff was foreclosed from raising a statute of limitations defense where there was a question about whether the plaintiff's predecessor-in-interest had standing to commence the prior action and therefore, could not have validly accelerated the statute of limitations); *HSBC Bank USA*, 2026 WL 2035975, at *2 (applying *Article 13 LLC II* and *Van Dyke* and holding the court was barred from considering the plaintiff's defense where the plaintiff challenged the acceleration of the prior action due to their predecessor-in-interest's alleged lack of standing); *see also Article 13 III LLC*, 175 F.4th 397 (not disturbing its previous opinion holding that the plaintiff was estopped from arguing that the prior foreclosure action was invalid to accelerate the mortgage because it previously did not have standing in the prior action after *Article 13 LLC II*'s decision holding FAPA applied retroactively). Plaintiffs' second argument therefore fails.

Third, Plaintiffs argue that the 2007 State Foreclosure Action was "void for lack of personal jurisdiction" and a "legal nullity" and therefore "was no[t] [a] legally effective acceleration to which FAPA's estoppel provision could attach." (Pls.' Suppl. Opp'n 1, 4–5.) In addition, although N.Y. C.P.L.R. § 213(4) "addresses the effect of prior actions in which a court exercised adjudicatory authority," Plaintiffs contend "[t]hat analysis has no application where, as here, the Queens [County] court never acquired adjudicatory authority over the borrower in the first place." (*Id.* at 4.) Plaintiffs rely on legislative intent, to argue that FAPA "was enacted to prevent lenders from re-litigating standing-based acceleration arguments after prior *valid* actions were dismissed" and "does not bar challenges based on lack of personal jurisdiction, lack of authority to accelerate, or the legal nonexistence of the prior action." (*Id.* at 5 (emphasis added).)

Contrary to Plaintiffs' arguments, FAPA does not include a carveout for prior actions allegedly not "validly commenced," such as due to a lack of personal jurisdiction over the defendant given the failure to effectuate service — FAPA only excludes prior actions where there was a judicial determination in that prior action that the outstanding debt was invalidly accelerated upon the commencement of the prior action and that the statute of limitations did not start running. FAPA § 7. The Court will not read into FAPA a requirement that otherwise does not exist as this is a job specifically designated to the legislature. *See Van Dyke*, 45 N.Y.3d at 478 ("[a]ffording the requisite 'defer[ence] to legislative judgment' in this arena regarding 'the necessity and reasonableness of' FAPA's relevant provisions" given "the provisions operate in the 'highly regulated' landscape of mortgage foreclosure litigation — an area long wrought with competing interests and complex policy judgments and in which 'the allocation of economic benefits and burdens has always been subject to adjustment'" (second alteration in original) (first quoting *Energy Rsrvs. Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 413 (1983); and then quoting *Am. Economy Ins. Co. v. New York*, 30 N.Y.3d 136, 152 (2017))); *see also Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 89 (2d Cir. 2024) ("[W]e do not lightly assume that [the legislature] has omitted from its adopted text requirements that it nonetheless intends to apply." (internal quotation marks omitted)); *United States v. Forney*, 813 F. Supp. 3d 357, 364 (E.D.N.Y. 2025) ("To read such a requirement into the statute violates the well-established principle that courts do not read in a requirement that [the legislature] omitted.").

In addition, Plaintiffs fail to cite to case law in support of their argument for this carve out. (*See generally* Pls.' Suppl. Opp'n 5–6.) Plaintiffs point only to one case, *Nichols v. U.S. Bank*, 227 N.Y.S.3d 371 (App. Div. 2025), which they argue stands for the proposition that "[N.Y.] C.P.L.R. § 213(4) does not estop a lender from asserting that a loan was never validly accelerated where a prior foreclosure action was dismissed based on an express judicial

determination that the purported acceleration was ineffective." (*Id.* at 5 (quoting *Nichols*, 227 N.Y.S.3d 371).) However, *Nichols* is distinguishable for two reasons: (1) the court in the action prior to *Nichols* determined that the plaintiff "failed to establish . . . proper mailing of the notice of default, a contractual condition precedent to acceleration of the debt"; and (2) given the prior action's express determination that the debt acceleration was a "nullity," the *Nichols* court determined that Section 7's exception was applicable and therefore, it was allowed to consider the statute of limitations defense. *Nichols*, 227 N.Y.S.3d at372–73. In the current case, the 2007 State Foreclosure Action did not make a judicial determination about whether the debt was properly accelerated and therefore, the Court is precluded from considering Plaintiffs' argument. Further differentiating *Nichols* from the current case, Plaintiffs have failed to show that, pursuant to the Mortgage, "proper mailing of the notice [of the summons and complaint was] a *contractual condition precedent* to acceleration of the debt" such that the 2007 State Foreclosure Action could not have commenced the statute of limitations without proper service. *Id.* at 373 (emphasis added). Without indication to the contrary, the commencement of the 2007 State Foreclosure Action initiates the running of the six-year statute of limitations. *See* N.Y. C.P.L.R. § 213(4). The Court does not find *Nichols* persuasive to its analysis. Contrary to Plaintiffs' assertion, case law holds that the commencement of a prior action, despite a failure to properly serve the summons and complaint upon the defendant, still accelerates the maturity of the debt and starts the running of the statute of limitations. *See Bank of N.Y. Mellon*, 199 N.Y.S.3d at 87 ("[T]he fact that the complaint in the 2014 foreclosure action was dismissed insofar as asserted against [the defendant] for failure to effectuate personal service upon it does not invalidate the election of [the plaintiff] to exercise its right to accelerate the maturity of the underlying debt."); *Fed. Nat'l Mortg. Ass'n v. Woolstone*, 147 N.Y.S.3d 458, 459 (App. Div. 2021) ("Contrary to the plaintiff's contention, the fact that the . . . prior action was dismissed as against the defendant for

failure to effectuate personal service upon him does not invalidate the plaintiff's election to exercise its right to accelerate the maturity of underlying debt."); *Beneficial Homeowner Serv. Corp. v. Tovar*, 55 N.Y.S.3d 59, 60 (App. Div. 2017) (same).

The Court's decision aligns with the New York Legislature's intent in enacting FAPA to address "ongoing . . . abuses of the judicial foreclosure process and lenders' attempts to manipulate statute of limitations . . . exacerbated by recent court decisions." *Article 13 LLC II*, 45 N.Y.3d at 450–51 (alterations in original). Before commencing any action accelerating repayment of an entire outstanding amount for the loan and mortgage, the plaintiffs should be certain to do their due diligence and ensure they properly can bring such an action. *See id.* at 455–56 (upholding Section 7 of FAPA and rejecting the argument that retroactive application would be unconstitutional because it would deprive the noteholder of a "right to excuse the foreclosure plaintiff's own lack of diligence in ensuring and demonstrating that it had obtained or possessed the note when its action was filed"). Failure to do so will not be rewarded by allowing subsequent plaintiffs to manipulate the statute of limitations to their advantage. *See Van Dyke*, 45 N.Y.3d at 478 (reading FAPA's provisions as "sensibly tailored to the specific litigation practices that the legislature saw fit to curb via FAPA's enactment: they narrowly bar successive, collateral challenges to certain prior loan accelerations and curtail noteholders' ability to unilaterally reset the limitations period to foreclose" which also "advance the strong public policy favoring finality, predictability, fairness and repose" (internal quotation marks omitted)).

## III. Conclusion

For the foregoing reasons, the Court grants Brooks' motion to dismiss and dismisses the action with prejudice. The Court therefore denies the parties' summary judgment motions as moot.

Dated: August 20, 2026
Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge